up the next case. In re Marriage of Cole. Argument for the pellet. Please proceed, Council. Good morning. Please court counsel. My name is Alan Bretner. I'm here on behalf of Donald Cole, the appellate. The first issue before the court and the main issue really is did the trial court error in not applying Public Act 98-961 to which in effect were the guidelines that went into effect January 1st of 2016 with regard to the maintenance that was ordered in this case. The court's ruling took effect or was made after January 1st of 2016. One of the issues that came up. In both briefs, but is somewhat. I want to address first is the issue of. The award. To Mrs. Cole. That mystical pay a portion or all of her health insurance until she turned age 65. It's not our position that the court did not have the authority to award him or to order him to pay for health insurance. It's our position that since there's no statute specifically. That allows the court to order that, then it must be considered maintenance and must be included in the guidelines when the court award when the court finally makes its maintenance award. The issue comes down to the 1st issue is was the courts. If the court would have applied the guidelines with those guidelines have been retroactive as to Mrs. Cole. Now, the most recent pronouncement by the only Supreme Court on the issue of retroactivity is the highest case, which we set out in both our. Original brief on page 8 mentioned it on page 2 of our library. And 1 of the things that is quoted from my issue is, although they have to realize and antecedent facts, plainness convictions for its operation. It does not apply retroactively to them. That does not reach back in time to change the criminal penalties and post on claims conviction, nor does it render unlawful conduct that was lawful at the time. It's committed, moreover, that has no effect on plaintiff's right to practice their health care professions. Prior to August 20th, 2011, the acts affected date on page 11. It's the original brief and on page 6 of Don's reply brief. It is quoted from the land of case page 269 to 270. It is argued that a statute does not operate retrospectively merely because it is applied in the case arising from conduct antedating the statute's enactment or obsess expectation based on prior law. Rather, the court must ask whether the new provisions attaches new legal consequences to events completed before its enactment. No new legal consequences are established with regard to issue whether maintenance should be ordered. The only consequence of the amended statute is to provide a court with guidelines to determine the length and the amount of maintenance to be ordered in a particular case. Would you agree that these are substantive changes in the new act? I don't agree with that. Don't agree that the whole act has been replaced? And that's not substantive in your opinion that we have thrown out one completely and replaced it with another? I believe that's correct, Judge. There were no guidelines previously. That's what I say. Isn't this new substantive law? Well, I believe it's substantive. And I understand. I argued this as an alternative to my original argument. But I do believe it's procedural. And the reason I believe that is I believe the substantive part of the act is included in 504A1-12, which is now been amended, I think it's A1-15. But it's A1-12 for this case. And that didn't change. That's what the court looks at to determine whether or not maintenance should be ordered. But the substantive change, if I understand it correctly, I'm sure you do more of this than I do, is that those new guidelines, A1-15, are now being used to determine entitlement as opposed to part of how much. In other words, whether you're entitled to maintenance. I agree. So you don't even get to the formula unless you get the entitlement portion. I agree with that. That's different, substantially different, to use that word legally, than what we had before, isn't it? Or do you disagree? I would argue what Black's Law Dictionary says. Black's Law Dictionary says, does the method prescribe a method or force of action? The changes are clearly procedural because it's stated in Black's Law Dictionary, they prescribe a method or force of action for determining the maturation of maintenance. And the quote is, prescribe a method or force of action. What are you defining? I'm not sure. I'm defining procedural. Procedural says what? It says prescribe a method or force of action. Okay. It does not deal with property rights, though. Things that are subjected to due process consideration. In other words, the taking of property seems to me to be an important consideration when you're talking about maintenance. You're taking somebody's property, your client's money. I agree with that. And so would you agree with the rule of law that if it is substantive, it would be applied prospectively? In other words, are we deciding whether this is now substantive or procedural? Well, I think clearly that it is. I think, well, the main issue is that it is not being applied retroactively. It's being applied to maintenance payments that were ordered to be paid by my client after the law went into effect. No, and I'm talking about the law itself. Aren't we deciding whether the law is going to be applied prospectively? Yes. And do you agree with the rule of law that if a new statute is substantive, that it should be applied prospectively? Yes. Okay. I agree with that. So your dispute here seems to be substantive versus procedural. Well, not really, because in my – just because the law is – goes into effect after the case is heard doesn't mean that it's being applied retroactively. And that's set out in the cases that I've provided to the court. In the Hyatche case, on page 7 of my original – or my reply brief, I quoted a portion from it that says it did not – the application of the new law did not affect the plaintiff's right to practice medicine prior to this enactment, for example, by divesting him of any profits earned during that time or by deeming unauthorized his practice of medicine during the time between his conviction and the revocation of his license. An amended statute, which creates new requirements to be imposed in the present or future and not in the past, does not have a retroactive impact on the parties. The amended statute only applied to new maintenance orders in and after its effective date. It does not reach back in time to take away or change maintenance payments that have been received, nor does it change the factors the court is to consider in awarding maintenance. And it goes to that issue when we get to whether it's substantive or procedural. A1 through 12 is the substantive part. It's the part that affects a person's right. When the court decides maintenance is to be ordered, that's what affects the rights of a person. Then we get to, well, how much are we going to order? And the reason the legislature put this in, it's clear, is because you have varying – vastly varying amounts and durations of maintenance across the state of Illinois. And that's why I believe it's procedural. But I also believe clearly that this law, as it applies in this case, would apply only prospectively to maintenance payments ordered to be paid after the court made its decision. It didn't change any of the maintenance payments that were paid by Don in the temporary order or in the previous order that came from Missouri that parties had agreed to that the judge subsequently set aside. Didn't apply to any of those. Didn't change anything that had happened in the past. And I would argue that Brenda had no expectations before the court made its order that she would even receive maintenance payments. And she especially had no expectation as to the amount or duration of those maintenance payments if they were ordered. And these only affected maintenance payments made or to be paid when the court made its decision, which is after the law went into effect. Which case law says the court is to file or follow that law so long as it doesn't affect the things that I've set out and are clearly set out in the Hiroshi case as well as the other case. I have a question about part of your brief. It talked about I don't know what. Maybe I missed something, but it says the court's order did not impose any retroactive consequences on the part of Galen. Yeah, I addressed that in my reply brief. It just so happens that I have another case pending before the court that involves the same issue, only I represented the recipient in that case. And, you know, I've heard a lot of lawyers and judges talk about how I really don't like that new statute. Kind of ties our hands, doesn't let us do what we want to do. But I have two cases that were decided basically in the same. Oh, exactly. January of 2016. One, I represent the recipient. The other I represent the payor. If the court would have applied the guidelines, it would have benefited both the payor and the recipient. Because in the one, the Cole case, the court's order effectively makes him pay over half of his gross income, and we include the insurance that he was to pay. To his wife. In the other case, it was the wife not receiving enough and not receiving it for as long as a period of time. I addressed it in my reply brief to say I made a mistake. I will say the arguments are very similar. Let me ask you this then. You have two other cases pending in the Fifth District. One of them. One other. And it's pretty much the same issue? Yes. Okay. Did you give us the name of that in your reply brief? It's Peer v. Peer. P-E. P-I-E-R. Interim Marriage of Peer. And have you already argued that? No. The appellee did not file a responsive brief, and the court has stated that. Has the time run for that? Time has run, but the court has not made a decision in that case yet either. Okay. I don't want to take your time on that, but I did do that. Okay. Counselor, I have a follow-up question on that. I assume that either of you would have filed a request to supplement your authorities if some other appellate court had looked at this issue since there's probably other cases in the middle as well. So to your knowledge, no other districts ruled on this yet? I have not found one. I did find, though, regarding the issue against the manifest weight of the evidence, my second issue, I did find a field district case, the Johnson case, that I cited in my reply brief, that basically indicated that the court's order of maintenance in that case was against the manifest weight of the evidence, and part of this finding dealt with the guidelines. The court said, had we applied the guidelines, the maintenance would have been for substantially longer in that case and for substantially more. And they used that as a basis to determine that they should reverse the decision of the trial court and relied in part of this argument on the guidelines that went into effect January 1st, 2016. The case didn't get argued until after that. So I wanted to point that out also to the board. I'm sorry. I didn't write that down. Johnson? Johnson. And that's our district? I can use the site. It's in your reply brief. Yes, it is. Okay. Any other questions? No. Thank you, Counselor. Argument for the appellee. Please support, Counsel. My name is Michelle Blackburn. I represent the appellee in this case, Brenda Cole. Your Honor, first to address your question with regard to the additional authority or new authority, as it were, in the state of Illinois since the filing of our briefs. I also am not aware of any cases that have dealt with this issue. I do recognize that there is the Johnson case out of this district, but my read of the Johnson case was the Johnson case, the major issue in the Johnson case was a property distribution issue and that the property, the way the property was distributed by the trial court was reversed, and in large part that was going to result in the maintenance having to be recalculated. So really the maintenance issue in that case was really sort of dicta and a side issue for the court. The main issue was the property distribution. And while the court did indicate and talk about the 2015 changes to the statute, it made it very clear in its decision that the 2015 statute did not apply to the Johnson case because of the time period in which the Johnson case was tried and decided, which I believe was in 2014, if I'm not mistaken. With regard to the issue that is pending in this case, the issue that is pending in this case is truly whether or not this statute applied at the time that the evidence closed in this case, which it did not. Evidence closed in this case in October of 2014, and had it not been for the delay in issuing a decision until I believe it was late January of 2015, this case would not even be before this court today because clearly at the time that the evidence closed, the law in the state of Illinois was the previous statute, what I refer to in my brief as the 2014 statute, and not the 2015 statute. The changes to the statute that occurred in January of 2015 are not procedural. I don't even know how they could be arguing to be procedural because it is basically a complete rewrite with the exception of factors. It is a complete rewrite of the previous statute. It basically makes the 2015 statute makes the process for determining maintenance now a three-step process where it used to be a one-step process, which was the court would listen to evidence concerning a laundry list of factors that the court was to consider. It was to weigh the factors, and based on the weight that it gave to those factors, it was to determine an appropriate amount of time for maintenance and an appropriate amount for maintenance. Now, under the new statute, that is the first step in the process. And so the first step, it doesn't use the factors to determine how much maintenance someone should receive and for what length of time, as it did under the old statute. Now it is, if you don't satisfy those factors, you don't even qualify to get to the second step of the process. The second step of the process is the old formula, the 30 percent, 40 percent formula that is now in place. Then beyond that, there is now a third step in the process that if the court determines that you met the factors, and then the court has to run the calculation, and then once the court runs the calculation, then the issue becomes does the court deviate from what would otherwise be the guideline amount of maintenance. So what previously was a one-step process is now a three-step process. And, Your Honors, when my client came before Judge Jarman in October of 2014 for a trial in this case, and we presented evidence in this case, and we argued this case, she did so with the expectation that she was proceeding under the 2014 statute because that was the law at the time. Again, I would say the fact that there was a delay in actually issuing a ruling in this case until after the end of 2014 should not affect the actual outcome in this case. My client had reasonable expectations when she came to court. We argued our case and presented our case based on a weighing of factors statute, and we certainly did not anticipate that we would be arguing our case under a formula statute and then arguing for a deviation upward from what the guideline amounts would be because obviously we would not be here today if the guideline amounts were higher than what was ordered by Judge Jarman. I don't recall whether or not it was actually argued in the briefs, but the actual amount under those guidelines is significantly lower than what my client was awarded by Judge Jarman. So to say that her expectations were that she did not have expectations coming in in October of 2014 is wholly inaccurate. She absolutely had expectations. As the court, I'm sure, is aware from reading the facts, she had been receiving maintenance pursuant to an agreement that the parties had had for years prior to the divorce even being filed. So she was full of expectations with regard to continuing to receive maintenance and fully aware that she was in no way able to support herself without there being an award of maintenance. Your Honors, with regard to the Hayeshi case that Mr. Pretner was discussing, my understanding from my read of the Hayeshi case is what happened in that case is that there was a change in the law and that that change in the law actually, the Illinois Supreme Court found in Hayeshi that the plain language of the new act in that case clearly indicated that the legislature intended it to apply to convictions predating its effective date and so therefore they didn't even get to the second prong of Landgraf, which is what the Illinois Supreme Court now uses to determine whether or not statutes apply retroactively because the first prong of that is is there a clear legislative intent for it to apply retroactively and in Hayeshi there was. You mentioned the previous maintenance agreement. It's my recollection that that was held unconscionable. Is that correct? Yes, Judge Durham determined that to be unconscionable. How much was it before and then how much did he order? My recollection is it was around $2,500 before, but I may be incorrect about that, and it was reduced to just over $2,000, $2,088. But that was in Missouri, a settlement agreement that the parties had reached, and so that's where the whole unconscionability argument, prior to the actual trial in this case, we had actually pre-tried that issue and had argument on that issue before we ever even got to, because we were seeking, obviously, enforcement of that agreement that was reached over in Missouri, in this case here in Illinois, and ultimately the court determined that because there was no modification provision or there was no consideration for once Mr. Cole's income changed, like if Mr. Cole's income was to decrease or increase, basically in the Missouri agreement it was a set amount, and it was a set amount forever. So the court found it unconscionable for there to be no way for Mr. Cole to come back and modify that, and so pursuant to Illinois law, he did not believe that he could enforce that. But it was a significant decrease for her from the Missouri order to the Illinois order to begin with. As I indicated, with regard to the two-prong test in Landgraf, the first prong of that test is whether or not there's clear legislative intent, which there was not here in the 2015 statute. And the second prong of that is whether or not it is procedural or whether or not it is substantive. And I cannot think of any way to argue that these changes to this statute are nothing but procedure. If they were nothing but procedure, they wouldn't affect the ultimate outcome of this case. They obviously are substantive. They obviously have created a lot of new changes and a lot of new expectations for people. I mean, one only has to practice family law probably even in a minor capacity post-2015 to know that the differences in what was a maintenance case and what was not a maintenance case prior to 2015 is wholly different than what is a maintenance case post-2015. I believe that was the intent of the legislature. They wanted that to be what the changes were. They wanted there to be more maintenance cases or at least more consistency in maintenance cases between northern Illinois and everything south of northern Illinois. And they got that, for better or worse. But I would suggest to this Court that prior to 2015, I rarely met with clients who we even had a discussion in any great detail about whether or not they were going to be entitled to maintenance because it just wasn't a major issue. Now, it's a major issue in every case. It is the issue, frankly, in a lot of cases now post-2015. So to argue that this change was simply procedural is not accurate with regard to, in reality, what is going on post-2015. Your Honors, I believe that my client absolutely had an expectation that her case was going to be decided under the 2014 statute. I think that the 2014 statute was undoubtedly in effect at the time that the evidence closed, and that should be the controlling date in this case, not the date in which this decision was actually issued by the Court. Therefore, the Court's decision from Judge Jarman should be affirmed. If there are no questions. Thank you, Counsel. Thank you. Mr. Pratt, would you vote? Yes, sir. Thank you. I want to first make it clear that the Hyopshi case dealt with doctors who applied for renewal of their medical licenses after the effective date of the law. The law change was if you were convicted of certain offenses, I think in the case before the Court, had to do with sexual offenses towards patients, you cannot apply for a future medical license. That's how the issue of retroactivity got dealt with in the case. The Court found that the law was not retroactive because it didn't apply or affect a person's right to practice law prior to its effective date. It only affected a person's right to practice medicine after it went into effect. So Counsel's wrong about that issue, and Hyopshi's very clear if the Court reads that. Also, case law, and I directed this in my original brief, provides that a court apply law as it is at the time of an appeal, so long as it does not have a retroactive effect, or even if it has a retroactive effect, if it is procedural, the law still must be applied. Brenda Cole had no expectation, again, that she would even receive maintenance when the Court took this matter into advisement. What about the argument, excuse me, what about the argument that at the time of the hearing, the evidence put on before the Court was put on under the umbrella, if you will, of the 2014 statute? That obviously the evidence is different under the 2015 statute as far as the triggering point. I mean, what about that argument that, look, we had no way of knowing? Well, it wasn't even an issue because I argued the Court should apply those new guidelines throughout the entire hearing. But the Court made no decision? I didn't make any decision during the hearing. I presented a demonstrative exhibit that followed those guidelines. Again, the case was heard in October of 2015, decided in January of 2016. It did not say I'm not considering that. There was no motion objecting to my, I'm not saying counsel agreed with my demonstrative exhibit number two, which went along the guidelines, but no one objected to it. And I did argue that throughout. It was rejected, though, by the Court? In its final order. Actually, in its order that came down in 2016, it decided not to follow it. In the order that came out after we filed our post-trial motions, then the Court addressed the statute on statutes argument that was retroactive. So it didn't mention retroactive issue until its absolute final hearing. That was May of 2016. And again, if you think about it, Judge, that issue about whether or not it applied, whether the law, you know, we knew about it, it really didn't matter because it only went to the issue of length and amount of maintenance. It didn't go to the issue as to whether or not Brenda should be awarded maintenance. And to address your question, Judge, in effect, even though he did set it aside for unconscionability, the previous order, in effect, he gave her the same thing she was getting. Half of my client's veteran's disability and half of his Social Security disability when you add on the insurance that he was ordered to pay. Thank you. Thank you, counsel. We'll take this matter under advisement and issue a written disposition.